IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,                      CR No. 10-393-MA

                    Plaintiff,                 OPINION AND ORDER

          v.

JUAN CARLOS VIDAL-MENDOZA,

                    Defendant.

Dwight C. Holton
United States Attorney
District of Oregon
Ryan W. Bounds
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

       Attorneys for the Plaintiff

Susan Russell
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Defendant

MARSH, Judge

       On September 30, 2010, defendant was charged with illegal

reentry in violation of 8 U.S.C. § 1326(a).  Defendant moves the

1 - OPINION AND ORDER

court to dismiss the count on the basis that the underlying removal proceedings violated due process. The government opposes dismissal, arguing that (1) defendant is precluded from collaterally attacking the deportation order because he expressly and voluntarily waived his right of appeal; and (2) the deportation order comported with Ninth Circuit case law at the time it was entered and is not contrary to the statutory "reinterpretation" upon which defendant currently relies because his conviction was, *in fact*, an aggravated felony. For the reasons set forth below, the motion to dismiss is granted.

**BACKGROUND**

Defendant Juan Carlos Vidal-Mendoza is a citizen of Mexico. He came to the United States in 1995, at the age of 18. On December 22, 1999, he pled guilty to Rape in the Third Degree (O.R.S. 163.355) in Washington County Circuit Court. The charge involved consensual contact between defendant, who was 21 or 22 years old at the time, and his then girlfriend (who was under the age of 16). Defendant was sentenced to 180 days in jail, and three years probation.

Defendant was not deported. On February 4, 2002, defendant pled guilty to a misdemeanor charge of failing to register as a sex offender. He was sentenced to two years probation, and again was not deported. On or about February 12, 2004, defendant was apprehended crossing the border into the United States with a group

of undocumented aliens.  On February 23, 2004, defendant appeared before an Immigration Judge (IJ) for a multiparty removal proceeding.  At the removal proceeding, the IJ informed defendant that because of his criminal conviction "there is nothing in the law to save you from deportation."  The IJ explained that defendant's "aggravated felony conviction" rendered him ineligible for voluntary departure.  Defendant waived his right to appeal, and he was deported that night.

Defendant subsequently returned to the United States.  In April 2009, he again pled guilty to failing to register as a sex offender.  On May 8, 2009, the 2004 order of removal was "reinstated," and defendant was removed from the United States. On August 9, 2010, defendant pled guilty to failing to register as a sex offender.  The following month, petitioner was charged with illegal reentry (count one) and eluding examination (counts 2 and 3).[1]

## DISCUSSION

The Supreme Court has held that, as a matter of due process, a defendant must be permitted to collaterally attack a prior deportation that serves as the basis for a charge of illegal reentry.  United States v. Mendoza-Lopez, 481 U.S. 828, 838-39 (1987); United States v. Arias-Ordonez, 597 F.3d 972, 976 (9th Cir.

---

[1] Counts 2 and 3 of the indictment were dismissed by the court previously.  See Order (#27).

2010).  Congress codified this requirement in 8 U.S.C. § 1326(d),
which provides that in order to prevail on such an attack, a
defendant must show that (1) he exhausted any administrative
remedies; (2) the deportation proceedings at which the order was
issued improperly deprived him of the opportunity for judicial
review; and (3) the entry of the order was fundamentally unfair.
United States v. Pallares-Galan, 359 F.3d 1088, 1095 (9th Cir.
2004); United States v. Ortiz-Lopez, 385 F.3d 1202, 1203-04 (9th
Cir. 2004).

An alien is both exempt from the exhaustion bar, and is deemed
to be deprived of the opportunity for meaningful judicial review
when the record contains an inference that the alien was eligible
for relief from deportation, but the IJ failed to advise the alien
of this possibility and thereby deprived him of the opportunity to
develop the issue on review.  Arias-Ordonez, 597 F.3d at 977;
Pallares-Galan, 359 F.3d at 1096; Ortiz-Lopez, 385 F.3d at 1204
n.2.  The threshold question presented in the instant proceeding is
whether this court may consider judicial decisions, rendered after
the IJ's advice, in evaluating whether the IJ misled the defendant
at the deportation hearing.[2]

---

[2] Given the fact that the 2009 removal order reinstated the
2004 removal order, the 2004 hearing is the relevant proceeding.
See Arias-Ordonez, 597 F.3d at 982 (when government relies upon
reinstatement of prior removal order in illegal reentry
prosecution, successful collateral attack on the original order
precludes reliance on the reinstatement order).

I.    **Relevance of Subsequent Precedent.**

In both published and unpublished decisions, the Ninth Circuit repeatedly has applied later-decided authority in evaluating an IJ's advice to an alien in the context of a collateral challenge of a deportation order in a prosecution for illegal reentry.    See United States v. Ramos-Cruz, 2010 WL 5209344 (9th Cir. Dec. 16, 2010) (based on "later-decided authority", IJ's failure to advise defendant that DUI conviction is not aggravated felony violated due process and excused failure to appeal deportation order); United States v. Cervantes-Gonzales, 238 Fed.Appx. 278, 280 (9th Cir. 2007) (concluding that IJ should have informed defendant at 1998 deportation hearing that, based upon judicial decision issued in 2000, second degree burglary conviction did not qualify as an aggravated felony); United States v. Leon-Paz, 340 F.3d 1003, 1005-07 (9th Cir. 2003) (alien's due process rights violated because IJ informed him he was ineligible for relief, which was an error of law in light of subsequent Supreme Court case); see also United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006) (government conceding that 2004 decision (holding that vehicular manslaughter is not a crime of violence) rendered erroneous the IJ's advice in a 1998 deportation that the alien was ineligible for discretionary relief); but see United States v. Vargas-Sancen, 2006 WL 1478855 (9th Cir. May 25, 2006) (concluding alien did not suffer

prejudice as a result of IJ's advice, given the fact that the advice was correct under law at time of hearing).

The government argues that the Ninth Circuit's recent *en banc* decision in United States v. Lopez-Velasquez, 629 F.3d 894, 896-97 (9th Cir. 2010), compels a different conclusion. I disagree. In Lopez-Velasquez, the court held that an IJ's duty "is limited to informing an alien of a *reasonable possibility* that the alien is eligible for relief at the time of the hearing." 629 F.3d at 895. The court reasoned that there was no *reasonable possibility* that the defendant was eligible for discretionary relief because, even taking into account a subsequent change in the law, the defendant was eight months short of the domicile requirement that may have rendered him eligible for discretionary relief. Id. at 896 & 899. "[T]he IJ did not have a duty to inform Lopez-Velasquez of relief for which he was ineligible." Id. at 901.

In so holding, the court expressly recognized that there are narrow circumstances in which the court has applied subsequent precedent in reviewing a deportation order, including when determining whether an alien's due process rights were violated by an IJ's advice regarding the alien's eligibility for discretionary relief. Id. at 900 (citing Leon-Paz, 340 F.3d at 1005-07). The court in Lopez-Velasquez did not purport to eliminate those "narrow circumstances", instead noting that the defendant's prior deportation order was not rendered unlawful based upon subsequent

precedent because the precedent did not necessarily apply to the defendant, and "would not have made it reasonably possible that he was eligible for relief at the time of the hearing." Id. at 900.

Hence, I reject the government's assertion that Lopez-Velasquez stands for the proposition that, when evaluating an IJ's advice for purposes of due process, we look only to the law at of the date of the hearing. Similarly, I reject the government's unsupported assertion that later-decided cases may be considered only when the IJ's advice to the alien was "both unsupported by Ninth Circuit law [at the time of the hearing] *and* later held to be in conflict with it." Rather, I conclude that while an IJ's duty is limited to informing an alien of *reasonable possibilities* that the alien is eligible for relief at the time of the hearing, the reasonableness of that advice may be evaluated in light of subsequent precedent. Accordingly, I proceed to the question of whether, in light of subsequent precedent, the IJ's advice that defendant was ineligible for voluntary departure as an aggravated felon was erroneous, rendering his 2004 removal hearing fundamentally unfair.

## II.  O.R.S. 163.355(1) Does Not Constitute Sexual Abuse of a Minor.

To determine whether O.R.S. 163.355 is an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(A), I apply the "categorical approach" set forth in Taylor v. United States, 495 U.S. 575 (1990), comparing the elements of O.R.S. 163.355 with the

7 - OPINION AND ORDER

generic federal offense.  <u>Estrada-Espinoza v. Mukasey</u>, 546 F.3d 1147, 1152 (9th Cir. 2008).  Under Oregon law, "[a] person commits the crime of Rape in the Third Degree if the person has sexual intercourse with another person under 16 years of age".  O.R.S. 163.355(1).

"Sexual abuse of a minor", as used in 8 U.S.C. § 1101(a)(43)(A), defines offenses which "in more common parlance, [are] referred to as statutory rape."  <u>Estrada-Espinoza</u>, 546 F.3d at 1156.  The Ninth Circuit has concluded that, when Congress added "sexual abuse of a minor," to the list of aggravated felonies in the Immigration Nationality Act, it meant "sexual abuse of a minor" as defined in the federal criminal code.  <u>Id.</u> at 1158.  Hence, the elements of the generic offense are "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and *(4) an age difference of at least four years between the defendant and the minor*."  <u>Id.</u>

Because O.R.S. 163.355 does not require a four year age difference between the defendant and the minor, it is broader than the generic offense of sexual abuse of a minor and, therefore, is not categorically an aggravated felony under § 1101(a)(43)(A).  Indeed, in a recent case before the Honorable Anna J. Brown, the government conceded that under <u>Estrada-Espinoza</u>, O.R.S. 163.355 is not categorically an aggravated felony.  <u>See United States v. Sanchez-Sanchez</u>, 2010 WL 4791777 *3 (D.Or. Nov. 18, 2010).

In so holding, I reject the government's suggestion that the Ninth Circuit's holding in United States v. Asberry, 394 F.3d 712, 717 (9th Cir. 2005), is controlling.  Application of the holding in Asberry (concluding that O.R.S. 163.355 is a "crime of violence" for sentencing purposes) to the instant proceeding, would be inconsistent with the Ninth Circuit's conclusion in Estrada-Espinoza that we look to the federal criminal code to define the term "sexual abuse of a minor" in this context.  The fact that Asberry has not been overruled is of no moment.

Further, I reject the government's assertion that the reasoning in Estrada-Espinoza should not apply because that decision was rendered after defendant's removal proceeding.  The Ninth Circuit has applied later-decided authority on direct review in determining whether a particular offense constitutes an aggravated felony for purposes of removal.  See Rivera-Cuartas v. Holder, 605 F.3d 699, 701 (9th Cir. 2010); Pelayo-Garcia v. Holder, 589 F.3d 1010, 1015-16 (9th Cir. 2009).

Finally, I decline to apply the *modified* categorical approach, taking into account the records of defendant's conviction, in determining whether O.R.S. 163.355 constitutes sexual abuse of a minor.  As noted in Estrada-Espinoza, the modified categorical approach does not apply when the crime of conviction is missing an element of the generic crime altogether.  546 F.3d at 1159 (citing

<u>Navarro-Lopez v. Gonzales</u>, 503 F.3d 1063, 1073 (9th Cir. 2007) (*en banc*)).

For all of these reasons, I conclude that O.R.S. 163.355 does not constitutes sexual abuse of a minor as used in § 1101(a)(43)(A). Accordingly, the IJ misled defendant in advising him he could not qualify for voluntary departure based upon his conviction of an aggravated felony.

**III. <u>Entry of the 2004 Removal Order was Fundamentally Unfair</u>.**

To satisfy the prejudice component of § 1326(d), defendant must show that he had a plausible ground for relief from deportation. <u>United States v. Ramos</u>, 623 F.3d 672, 684 (9th Cir. 2010); <u>United States v. Ubaldo-Figueroa</u>, 364 F.3d 1042, 1050 (9th Cir. 2004); <u>Pallares-Galan</u>**,** 359 F.3d at 1103-04**;** <u>Cervantes-Gonzales</u>, 238 Fed.Appx. at 280. In this case, defendant had a plausible claim to pre-hearing voluntary departure under 8 U.S.C. § 1229c(a). Under that statute, "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title . . . if the alien is not deportable under section 1227(a)(2)(A)(iii) [convicted of an aggravated felony] or section 1227(a)(4)(B) [involved in terrorist activities]."

As outlined above, defendant's Rape in the Third Degree was not an aggravated felony. The record reveals no other aggravated

felonies at the time of the removal proceeding. Accordingly, I conclude that defendant had plausible grounds for voluntary departure which satisfies the prejudice component of § 1326(d). See Camacho-Lopez, 450 F.3d at 930 (holding that defendant demonstrated prejudice because he was charged as removable only for having committed an aggravated felony and, based on subsequent case law, defendant's prior conviction did not fit that definition); see also Sanchez-Sanchez, 2010 WL 4791777 *7 (the fact that the Ninth Circuit reinterpreted aggravated felony so as to effectively exclude O.R.S. 163.355 "is sufficient to establish that the defendant had a 'plausible basis' to challenge his deportation in 2003").

## <u>CONCLUSION</u>

Based on the foregoing, defendant's motion to dismiss the indictment (#13) is GRANTED. This proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _25_ day of April, 2011.

_/s Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

11 - OPINION AND ORDER